NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM F. KAETZ, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 09-CV-2721 (DMC) |
| JONATHAN MARK; |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Johnathan Mark to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of all parties, it is the decision of this Court that Defendant's motion is **granted**.

I.   **BACKGROUND**

William F. Kaetz ("Plaintiff"), a *pro se* litigant, filed suit against the Honorable Johnathan Mark ("Defendant") of the Court of Common Pleas of Monroe County, Pennsylvania, alleging abuse of judicial discretion while presiding over a divorce action in which Plaintiff was a party. Plaintiff asserts that the "issues surround the hearings of plaintiff William Kaetz in front of Judge Mark on 12/08/2008." The complaint alleges that Defendant abused his judicial discretion and deprived Plaintiff of his rights, in violation of 42 U.S.C. § 1983, at the hearings through fraud and misrepresentation. Plaintiff further alleges that "claims arise from malice and willful misconduct." The alleged wrongdoing includes, but is not limited to, "being impatient, disgraceful, and obstructive

to due process and the full right to be heard according to the law." The complaint alleges that Defendant "pervert[ed] procedural due process," "perverted evidence and testimony," compelled Plaintiff to proceed with inefficient counsel and deprived Plaintiff of the right to represent himself, discriminated against Plaintiff for exercising his rights, committed fraud "by attempting to order a psychological evaluation," false imprisonment and a failure to administer justice.

**II.    STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45–46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

This Court is also cognizant of the leniency given to *pro se* litigants. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. See

Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004).

## III.  DISCUSSION

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. (citing Bradley v. Fisher, 80 U.S. 335, 347 (1872)). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Id. (citing Pierson v. Ray, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982)). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S.349, 357 (1978)).

Judicial immunity is, however, subject to two exceptions. "First, a judge is not immune from liability for nonjudicial actions, *i. e.*, actions not taken in the judge's judicial capacity." Id. (citing Forrester v. White, 484 U.S. 219 (1988)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citing Stump, 435 at U.S. 356-57).

3

Except where section 503 of the Pa. Con. Stat. Ann. §§ 101-9909 asserts otherwise, section 931 confers upon the courts of common pleas "unlimited original jurisdiction of all actions and proceedings." In the absence of evidence to the contrary, this Court finds that at all times the Honorable Johnathan Mark's conduct was within the purview of the subject matter jurisdiction conferred upon his court. There is no evidence that any of the alleged offenses occurred outside the scope of the Honorable Johnathan Mark's judicial capacity and therefore, no evidence that such acts qualify as anything other than judicial acts.

**IV.** **CONCLUSION**

For the foregoing reasons, Defendant's motion is **granted** and Plaintiff's complaint is dismissed for failure to state a claim. An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Dated:      October   20 , 2009
Original:   Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

.