NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM KAETZ | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| JONATHAN MARK, | : | Civil Action No. 09-2721(DMC) |
| Defendant. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

        This matter comes before the Court upon motion of William Kaetz ( "Plaintiff"), asking this Court to reconsider its October 20, 2009 Opinion, pursuant to L. Civ. R. 7.1(i).  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After carefully considering Plaintiff's submission, and based on the following, Plaintiff's motion for reconsideration is **denied**.

## I. BACKGROUND[1]

        Plaintiff, a *pro se* litigant, filed suit against the Honorable Jonathan Mark ("Defendant") of the Court of Common Pleas of Monroe County, Pennsylvania.  Plaintiff alleges that Defendant abused his judicial discretion while presiding over a divorce action in which Plaintiff was a party. Plaintiff alleges that Defendant's conduct deprived Plaintiff of his rights, in violation of 42 U.S.C. § 1983.  The alleged wrongdoing includes, but is not limited to, "being impatient, disgraceful, and obstructive to due process and the full right to be heard according to the law."

---

[1] The facts in the Background section are taken from the Court's initial Opinion in <u>Kaetz v. Mark</u>, Civ. No. 09-2721, 2009 U.S. Dist. LEXIS 97550, at *1-2 (D.N.J. Oct. 21, 2009).

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by L. Civ. R. 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III. DISCUSSION

A motion to dismiss will be granted as a matter of law when the actor is entitled to judicial immunity. Mirales v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472, U.S. 511, 526 (1985)). In this case, Plaintiff's complaint was dismissed because the Court found that the Honorable Justice Jonathan Mark was entitled to judicial immunity.

Judicial immunity is subject to two exceptions. "First, a judge is not immune from liability for nonjudicial actions, i. e., actions not taken in the judge's judicial capacity." Id. (citing Forrester v. White, 484 U.S. 219 (1988)). "[W]hether an act by a judge is a 'judicial' one relate[s] to the

nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (internal citations omitted). This Court determined that the Honorable Jonathan Mark was entitled to judicial immunity as he had jurisdiction over the case and was acting within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Forrester v. White, 484 U.S. 219, 227 (1988). Plaintiff has made no assertions to the contrary.

Plaintiff has not demonstrated, or even argued, that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). As discussed above, the Court found that Defendant was entitled to judicial immunity, and that Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **denied**.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          February   8  , 2010
Original:      Clerk's Office
cc:            All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File

3